UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
THE HANOVER INSURANCE COMPANY,
        Plaintiff,

v.

LAWRENCE P. HOPWOOD; KERRY P.
HOPWOOD; RICHARD J. HOPWOOD; ANN
HOPWOOD; HFP INVESTMENT CO.;
MARTIN M. HOPWOOD, JR.; and ANN M.
HOPWOOD,
        Defendants.
--------------------------------------------------------------x

**MEMORANDUM DECISION**

7:10-cv-8321 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7-29-11

Briccetti, J.:

Defendants Lawrence P. Hopwood ("Lawrence") and Kerry P. Hopwood ("Kerry") have filed a motion for reconsideration (Doc. #31) of the Court's memorandum of decision denying their motion to vacate the judgment entered against them.

For the reasons set forth below, defendants' motion is DENIED.

### BACKGROUND

The underlying facts and the identities of the parties are set forth in the Court's previous ruling and will not be repeated here.

The Court entered default judgment against Lawrence and Kerry on April 8, 2011 (Doc. #18). On April 14, they filed a motion to vacate the judgment (Doc. #19), which was denied on May 26, 2011 (Doc. #30).

In its previous ruling, the Court concluded Lawrence and Kerry's default was not willful but was due to "an oversight of their own creation, and that error weighs somewhat against granting relief." The Court did not find there would be any prejudice against plaintiff had the Court vacated the judgment. Most importantly, the Court found there was no showing by defendants of a meritorious defense.

1

Lawrence and Kerry filed their motion for reconsideration arguing (1) they have a meritorious defense; and (2) plaintiff failed to comply with Rule 55(b)(2) in seeking entry of default judgment.[1]

## DISCUSSION

To prevail on a motion for reconsideration, "the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. NYC Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only where the Court has overlooked facts or precedent which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989). The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000) (citation omitted). Further, the motion may not "advance new facts, issues or arguments not previously presented to the Court." Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

---

[1] In contravention of Local Rule 6.3, movants submitted declarations by counsel and Lawrence instead of a memorandum of law. The Court overlooks this error and will review defendants' submissions.

Defendants Kerry and Lawrence's motion is based entirely on arguments which were not included in their initial motion to vacate the default judgment. In fact, counsel states in his declaration in support of the motion that defendants seek reconsideration "on the grounds that certain controlling decisions and factual matters that were not sufficiently articulated in the moving papers before the Court on the motion to vacate and were not considered and if [they had been advanced and considered, they] would have altered the decision to deny [the motion to vacate the default judgment]." For example, defendants did not raise an issue concerning the manner in which plaintiff served notice of their obligations, nor did they raise any of the potential defenses relating to the automatic stay pursuant to the Bankruptcy Code. In light of counsel's admission, reconsideration is not appropriate. Defendants are not entitled to a second bite of the apple.

While defendants raise the issue of propriety of the notice given before entry of the default judgment, they never raised this issue in their motion to vacate. Instead, the Court's concerns about notice were raised sua sponte, not in any motion papers. It seems as if defendants now are "plugging the gaps" of their initial motion. Reconsideration is not appropriate on these grounds.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants Lawrence P. Hopwood and Kerry P. Hopwood's motion for reconsideration (Doc. #31).

The Clerk is instructed to terminate this motion.

Dated: White Plains, New York
July 29, 2011

SO ORDERED

Vincent L. Briccetti
United States District Judge

3